IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Angela Coleman<br>1039 Whispering Woods Dr.<br>Macedonia, OH 44056<br><br>    Plaintiffs,<br><br>    v.<br><br>NORDONIA HILLS CITY SCHOOLS<br>9370 Olde Eight Road<br>Northfield, Ohio 44067,<br><br>    Defendants. | Civil Action No.<br><br>5:16 CV 2445<br><br>JUDGE: JUDGE ADAMS<br>MAG. JUDGE LIMBERT<br><br>**COMPLAINT** |

FILED 2016 OCT -5 PM 1:45 CLERK U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO AKRON

## I.    INTRODUCTION

This case seeks review and appeal of the decision, received July 7, 2016, of State Level Review Officer ("SLRO") Robert Mues' finding against Plaintiffs and in favor of Nordonia Hills City Schools ("District"), in Ohio Department of Education Case No. SE 3113-2015. The SLRO decision is attached as Exhibit A. Plaintiff A.C. is the parent of minor R.C. A.C filed a due process complaint in May of 2015 against Nordonia Hills City Schools seeking relief from Nordonia Hills City Schools' failure to find R.C. to be a child with disabilities pursuant to the Individuals with Disabilities Education Act ("IDEA"), Section 504 ("504") Americans with Disabilities Act ("ADA"), failure to provide a free and

1

appropriate public education ("FAPE"), failure to conduct a manifestation determination review ("MDR") prior to a change in placement, failure to protect him from or to address the bullying concerns, and failure to address the racial intimidation and/or discrimination. Plaintiff amended the due process complaint in September 2015 alleging R.C. has been denied a FAPE under 504 and IDEA, the District violated child find under 504 and IDEA, R.C. was unlawfully retaliated against under 504 and IDEA, R.C. Has been subjected to unwanted bullying and harassment, R.C. has been denied educational opportunities, R.C. did not receive a manifestation determination prior to being suspended for more than ten days and recommended for expulsion, and R.C.s current educational placement is not proper. The Impartial Hearing Officer ("IHO") found in favor of the District on all issues.

A.C. appealed the IHO's decision stating "The Decision dated May 2, 2016, is not supported by reliable, probative, and substantive evidence and is not made in accordance with existing law. As such, the Petitioner seeks a full de novo review of the issues decided, all legal conclusions, and all findings of fact, including Hearing Officers decision regarding the statute of limitations. Petitioners continue to seek exhaustion under the IDEA in order to pursue their claims under the American with Disabilities Act (42 U.S.C. § 12101), 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973 and any other applicable Federal or State provisions." The District moved to dismiss the appeal for failure to state grounds and lack of subject matter jurisdiction. The SLRO dismissed the Plaintiff's appeal. Plaintiff seeks reversal of the SLRO's decision as it was not supported by reliable, probative, and substantive evidence and is not made in accordance with existing law.

## II. JURISDICTION AND VENUE

2. Jurisdiction over claims brought under The Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA") is conferred on this Court by 20 U.S.C. §1415(i)(2)(A) & (3)(A), which provides that any party aggrieved by the findings and decision of its state educational agency

2

may bring a civil action in the appropriate state or federal district court, and is conferred upon this Court as a matter of original jurisdiction pursuant to 28 U.S.C. §1331.

3. Plaintiff's request for declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

4. Venue is proper in this District, pursuant to 28 U.S.C. §1391(b), because a substantial portion of the events or omissions giving rise to the Plaintiffs' claim occurred in this District, Defendants reside, transact business, and have agents in this District, and all of the events that are the subject of this complaint occurred within the jurisdiction of this judicial district.

5. Plaintiff has exhausted her administrative remedies where necessary pursuant to the IDEA.

### III. PARTIES

6. Plaintiff A.C. is the parent of R.C., a minor child. R.C. resides with his parents in the Nordonia Hills City Schools district in Summit County, Ohio. R.C. is a child with a disability as defined by the Individuals with Disabilities Education Act (20 U.S.C. §1400), et seq., Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794), and Ohio law §3323 O.R.C., et seq., and 42 U.S.C. §1983. At the time the due process complaint was filed, R.C. was fifteen years (15) old and was about to finish the ninth (9th) grade at Nordonia High School. R.C. has multiple disabilities, including migraines so severe they can cause blindness, depression, post-traumatic stress disorder, formerly acute stress disorder. A.C. filed the original due process complaint on or about May 5, 2015.

7. R.C. has received special education and related services through an Individualized Education Plan ("IEP") pursuant to IDEA and Ohio law beginning in August of 2015.

8. Defendant Nordonia Hills City Schools ("NHCS" or "District") is a political subdivision capable of suing and being sued under Ohio laws. The School Board operates the District which has administrative control over all educational programs conducted within its jurisdiction and is

therefore a "Local Educational Agency" or "LEA" as that term is defined in IDEA, including special education and related services. The District receives federal funds pursuant to part B of the IDEA and is thus required to provide R.C. with a free appropriate public education ("FAPE").

### IV. STATEMENT OF FACTS

9. A.C. filed a due process complaint against Nordonia Hills City School District on May 5, 2015.

10. On May 8, 2015, Irene H. McMullen was appointed as the Impartial Hearing Officer ("IHO") for the due process hearing.

11. IHO McMullen issued her Final Decision on May 2, 2016, finding in favor of the District on all issues.

12. A.C. appealed the IHO's decision on June 15, 2016 stating "The Decision dated May 2, 2016, is not supported by reliable, probative, and substantive evidence and is not made in accordance with existing law. As such, the Petitioner seeks a full de novo review of the issues decided, all legal conclusions, and all findings of fact, including Hearing Officers decision regarding the statute of limitations. Petitioners continue to seek exhaustion under the IDEA in order to pursue their claims under the American with Disabilities Act, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973 and any other applicable Federal or State provisions." See attached Exhibit B.

13. The District filed a *Motion to Dismiss Petitioner's Notice of Appeal with Memorandum in Support* on June 21, 2016.

14. Plaintiff filed a *Response to the Board's Motion to Dismiss or, in the Alternative, Motion to Amend Notice of Appeal* on June 26, 2016.

15. The District filed a *Reply and Opposition to Petitioner-Appellant's Response to the Board's Motion to Dismiss or, in the Alternative, Motion to Amend Notice of Appeal* on July 1, 2016.

16. The SLRO dismissed the appeal on July 7, 2016 in *Order Dismissing Petitioner's Appeal*.

### V. CLAIM FOR RELIEF (appeal of SLRO decision)

17. Plaintiffs allege that they are aggrieved by the SLRO decision within the meaning of 20 U.S.C. §1415(i)(2)(A), and appeal and seek review of the SLRO's opinion on, inter alia, the following grounds:

   a. The SLRO erred as a matter of law in his findings and conclusions;

   b. The SLRO erred as a matter of law as his decision is contrary to agency decisions;

   c. The SLRO erred as a matter of law as his decision is not supported by reliable, probative, and substantive evidence and is not made in accordance with existing law.

### VI. RELIEF SOUGHT

**WHEREFORE**, Plaintiff requests that this Honorable Court assume jurisdiction over this matter and grant the following relief:

   A. That this Honorable Court reverse the decision of the State Level Review Officer and determine that the Plaintiff's notice of appeal states grounds as required in O.A.C. Section 3301-51-05(K); and

   B. That this Court find that Plaintiff has exhausted all of her administrative remedies where necessary pursuant to the IDEA, 20 U.S.C. §1400, et seq., American with Disabilities Act, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973 and any other applicable Federal or State provisions; and

   C. That this Court permit Plaintiff to file a complaint in a court of competent jurisdiction regarding any claims alleged under the IDEA, 20 U.S.C. §1400, et seq., American with Disabilities Act,

42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973 and any other applicable Federal or State provisions.

Respectfully submitted,

*Angela Coleman* (signature)
Angela Coleman
1039 Whispering Woods Dr.
Macedonia, OH 44056
330.467.8364
A_poole@sbcglobal.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Petitioners' Complaint and Attachment was sent via certified mail on October 5, 2016 to:

**Mr. Joseph Clark, Superintendent**
Nordonia Hills City School District
9370 Olde Eight Road
Macedonia, Ohio  44067
P: 330-467-0580
F: 330-468-0152
joe.clark@nordoniaschools.org

**Bernadette Laughlin, Esq.**
Office for Exceptional Children
Ohio Department of Education
25 S. Front Street
Columbus, Ohio 43215
P: 877-644-6338
bernadette.laughlin@education.ohio.gov

Respectfully submitted,

*Angela Coleman* (signature)
Angela Coleman
1039 Whispering Woods Dr.
Macedonia, OH 44056
330.467.8364
A_poole@sbcglobal.net