# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ANGELA COLEMAN,** | ) | **CASE NO. 5:16-CV-2445** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **NORDONIA HILLS CITY SCHOOL** | ) | |
| **DISTRICT BOARD OF EDUCATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S
## REQUEST FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

---

Jason D. Wallace (0090167)
270 S. Cleveland Massillon Rd.
Fairlawn, OH 44333
Phone: (234) 466-0829
Fax: (866-573-8376
Jason@gethelpohio.com

*Attorney for Plaintiff Angela Coleman*

Christina Henagen Peer (Reg. No. 0071579)
    Email: cpeer@walterhav.com
    Direct Dial: 216-928-2918
Kathryn I. Perrico (Reg. No. 0076565)
    Email: kperrico@walterhav.com
    Direct Dial: 216-928-2948
Sara Ravas Cooper (Reg. No. 0076543)
    Email: scooper@walterhav.com
    Direct Dial: 216-928-2898
WALTER | HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, OH  44114
(216) 781-1212 telephone
(216) 575-0911 facsimile

*Attorneys for Defendant, Nordonia Hills City
School District Board of Education*

## TABLE OF CONTENTS

PAGE NO.

TABLE OF AUTHORITIES CITED ........................................................................... iii

BRIEF STATEMENT OF THE ISSUES TO BE DECIDED ................................... v

BRIEF IN OPPOSITION............................................................................................. 1

I.    INTRODUCTION ................................................................................... 1

II.   PROCEDURAL HISTORY .................................................................... 1

III.  LAW AND ARGUMENT ....................................................................... 3

A.    The Appropriate Standard of Review in IDEA Matters. ............................... 3

B.    The State Level Review Officer Did Not Err in Dismissing Plaintiff's Appeal for Failure to Comply with the Requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a). ..... 5

1.    *Ohio's Administrative Code Mandates that a Notice of Appeal to a State Level Review Officer Set Forth the Specific Grounds for the Appeal.* .............................. 5

2.    *The State Board of Education was Authorized to Adopt Procedures Necessary to Perfect an Appeal to a State Level Review Officer.* .................................................... 6

3.    *The Provisions of Ohio's Administrative Code Were Necessarily Applicable to Plaintiff's SLRO Appeal* ................................................................................................. 7

4.    *SLRO Mues Did Not Err In Concluding that the Requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a) Must Be Followed to Perfect an Appeal* ........ 10

5.    *The State Level Review Officer Did Not Err in Concluding Plaintiff's Notice of Appeal Failed to Set Forth the Grounds for Appeal as Required by the Ohio Administrative Code* ................................................................................................. 13

6.    *State Level Review Officer Mues Did Not Err Dismissing Plaintiff's Appeal for Failure to Set Forth the Grounds for Appeal as Required by the Ohio Administrative Code* ................................................................................................. 17

C.    Plaintiff's Numerous Public Policy and Conflict Theories Do Not Justify Overriding the Plain Language of O.A.C. 3301-51-05(K)(14)(b)(i)(a). .................... 19

1.    *Plaintiff's "Public Policy" Arguments are Unavailing.* ........................................ 19

2.    *The Requirements of the Ohio Administrative Code Are Not in Conflict with the Individuals with Disabilities Education Act.* ......................................................... 22

3.      *Plaintiff's Arguments Regarding Ohio's Notice of Procedural Safeguards Are Illogical.* ................................................................................................ 23

D.     There Is No Support for Plaintiff's Assertion that SLRO Mues Should Have Allowed Her to Amend Her Defective Notice of Appeal. ......................................... 24

E.     Plaintiff's Argument Regarding the Statute of Limitations is Irrelevant and Incorrect. ................................................................................................ 26

F.     Plaintiff's Argument Regarding the "Harm" Caused by the IHO's Decision is Irrelevant and Without Merit. ...................................................................... 27

IV.    CONCLUSION ........................................................................................ 28

CERTIFICATE OF COMPLIANCE ........................................................................ 29

CERTIFICATE OF SERVICE ................................................................................ 29

## <u>TABLE OF AUTHORITIES CITED</u>

<u>PAGE NO.</u>

**CASES**

*Aiello by Aiello v. Grasmick*, 155 F.3d 557 (4th Cir. 1998) ....................................................... 22

*Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176,
  102 S.Ct. 3034, 73 L.Ed.2d 690 (1982) ................................................................. 4, 27

*Berus v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 04AP-1196, 2005-Ohio-3384 .................... 18

*Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 929 N.E.2d 448 (2010) ................. 9

*Burroughs v. Ohio Dep't. of Adm. Servs.*, 10th Dist. No. 12AP-522,
  2013 WL 3875385 (July 25, 2013) ......................................................................... 11

*Chambers v. St. Mary's School*, 82 Ohio St.3d 563 (Ohio 1998) ......................................... 11, 19

*CHS-Windsor, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 05AP-909,
  2006-Ohio-2446 ................................................................................................ 11, 15

*City of Wellsville v. Wellsville Civil Serv. Comm.*, 7th Dist. No. 86-C-10,
  1987 WL 8427 (Mar. 24, 1987) ........................................................................... 25

*Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss by & Through Boss*,
  144 F.3d 391 (6th Cir. 1998) ............................................................................... 21

*Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 121 Ohio St.3d 560, 2009-Ohio-
  1355, 906 N.E.2d 409 ....................................................................................... 25

*D.K. v. Abington Sch. Dist.*, 696 F.3d 233 (3d Cir. 2012) ............................................... 26

*Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840 (6th Cir. 2004) ................................. 4, 27

*Doe ex rel. Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384 (6th Cir. 1998) ...................... 4, 5

*Endrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist.* RE-1, No. 15-827,
  2017 WL 1066260 (U.S. Mar. 22, 2017) ............................................................... 27

*Foreman v. Lucas Cty. Court of Common Pleas*, 10th Dist. No. 10AP-276,
  2010-Ohio-4731 ........................................................................................ 14, 15, 17

*Fry v. Napoleon Comm. Schs.*, 137 S.Ct. 743, 340 Ed. Law Rep. 19 (2017) ........................... 17

*Gibson v. Forest Hills Local Sch. Dist. Bd. of Educ.*, 655 F. App'x 423
  (6th Cir. 2016) ................................................................................. 8, 9, 12, 16, 18

*Green v. State Bd. of Registration for Professional Engineers & Surveyors*,
  2nd Dist. No. 05CA121, 2006-Ohio-1581 .......................................................... 14, 15, 18

*Holden v. Miller-Smith*, 28 F. Supp. 3d 729 (W.D. Mich. 2014) ....................................... 26

*Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.*, No. 3:12-cv-00187,
  2012 WL 3808902 (N.D. Ohio Aug. 8, 2012) .................................................... 10, 12, 21

*Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877,
  868 N.E.2d 246 .............................................................................................. 11

*In re Healthco Facilities, Inc.*, 79 Ohio App.3d 385, 607 N.E.2d 503 (10th Dist. 1992) ...... 12, 13

*In the Matter of: The Christ Hospital, et al.*, Nos. 93AP-800, 93AP-801, 93AP-802
  and 93AP-803, 1994 WL 97229 (Ohio Ct. App. Mar. 24, 1994) .............................. 13

*K.S. v. Strongsville City Sch. Dist.*, No. 1:13-cv-91, 2014 WL 2442193
  (N.D. Ohio May 30, 2014) .............................................................................. 10, 12

*Kroger Grocery & Baking Co. v. Glander*, 149 Ohio St. 120, 77 N.E.2d 921 (1948) ................. 11

*Masterson v. Ohio Motor Vehicle Dealers' & Salespersons' Licensing Bd.*,
  10th Dist. No. 80AP-979, 1981 WL 3230 ........................................................ 15, 18

*McLaughlin v. Holt Pub. Schs. Bd. of Educ.*, 320 F.3d 663 (6th Cir. 2003) ................................. 4

*MedCorp, Inc. v. Ohio Dept. of Job & Family Servs.*, 121 Ohio St.3d 622,
  2009-Ohio-2058, 906 N.E.2d 1125................................................................ 13, 14, 16, 17

*Oakstone Cmty. Sch. v. Williams*, No. 2:11-CV-1109, 2013 WL 12143834
  (S.D. Ohio June 12, 2013, rev'd, 615 F. App'x 284 (6th Cir. 2015) ........................................ 27

*Ravenna City School District Board of Education v. Williams*, No. 5:11-cv-1596,
  2012 WL 3263258 (N.D. Ohio Aug. 9, 2012).................................................................. 4, 10

*State ex rel. Myers v. Spencer Twp. Rural Sch. Dist. Bd. of Educ.*, 95 Ohio St. 367,
  116 N.E. 516 (1917)............................................................................................ 9

*Thomas v. Cincinnati Bd. of Educ.*, 918 F.2d 618 (6th Cir. 1990) .............................................. 4

*Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079 ...... 24, 25

*Woods v. Northport Pub. Sch.*, 487 F. App'x 968 (6th Cir. 2012)............................................. 27

*Youngstown Sheet & Tube Co. v. Lindley*, 38 Ohio St. 3d 232, 527 N.E.2d 828 (1988) ............. 11

*Zier v. Bur. of Unemployment Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949)........................ 10

## STATUTES

20 U.S.C. § 1415 ...................................................................................................... 20

20 U.S.C. § 1415(a) ................................................................................................... 21

20 U.S.C. § 1415(f)(1)(A)............................................................................................ 22

20 U.S.C. § 1415(f)(3)(D)............................................................................................ 26

20 U.S.C. § 1415(g)............................................................................................... 21, 22

20 U.S.C. § 1415(i)(2)(C)............................................................................................... 3

34 C.F.R. § 300.514 .................................................................................................. 21

42 U.S.C. § 1983 ...................................................................................................... 25

O.A.C. § 3301-51-05(K)(8)(e)...................................................................................... 24

O.A.C. § 3301-51-05(K)(14)(b)...................................... 5, 6, 7, 11, 12, 19, 22, 23, 24, 25

O.A.C. § 3301-51-05(K)(14)(b)(i)(a) ................ v, 4, 5, 7, 8, 9, 10, 11, 13, 15, 16, 18, 20, 21, 22

O.A.C. § 3301-51-07 ................................................................................................ 6, 7

R.C. § 119.01(A)(1) ................................................................................................... 25

R.C. § 119.12 .............................................................................................. 13, 17, 18, 19

R.C. § 119.12(D) ...................................................................................................... 15

R.C. § 3323.04 ........................................................................................................... 6

R.C. § 3323.05 ....................................................................................................... 6, 20

R.C. § 3323.05(H)................................................................................. 5, 6, 7, 11, 12, 19, 23

## OTHER AUTHORITIES

Americans with Disabilities Act, 42 U.S.C. § 1983 .................................................. 16, 25

Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400............................ 1

Joint Committee on Agency Rule Review.............................................................. 19, 20

Section 504 of the Rehabilitation Act of 1973....................................................... 16, 25

## BRIEF STATEMENT OF THE ISSUES TO BE DECIDED
## AND SUMMARY OF THE ARGUMENTS PRESENTED

Contrary to Plaintiff's position, the only issue before this Court is procedural in nature. That is, did State Level Review Officer Mues err when he dismissed Plaintiff's appeal for failure to comply with the requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a)?  As a matter of law, the answer is, no, there was no error.

Indeed, upon its modified *de novo* review of this Individuals with Disabilities Education Improvement Act matter and the corresponding administrative record, the Court will find that the Ohio Administrative Code – which was properly adopted by the Ohio State Board of Education and is applicable to SLRO appeals – *mandates* that a notice of appeal to a state level review officer set forth the specific grounds for the appeal.  See O.A.C. 3301-51-05(K)(14)(b)(i)(a). Plaintiff's Notice of Appeal did not comply with this requirement and, therefore, her appeal was properly dismissed.

Finally, the Court will also find that (i) Plaintiff's numerous public policy and conflict theories and without merit and do not justify overriding the plain language of O.A.C. 3301-51-05(K)(14)(b)(i)(a), (ii) there is no legal support for Plaintiff's assertion that SLRO Mues should have allowed her to amend her defective Notice of Appeal, (iii) Plaintiff's argument regarding the statute of limitations is irrelevant and incorrect, and (iv) Plaintiff's argument regarding the "harm" caused by the IHO's Final Decision is irrelevant and without merit.

## BRIEF IN OPPOSITION

### I.  INTRODUCTION

The convoluted arguments advanced by Plaintiff Angela Coleman ("Plaintiff") in her Brief in Support of Judgment on the Administrative Record ("Brief") cannot obscure the simple fact that the Notice of Appeal filed on her behalf before the State Level Review Officer ("SLRO") failed to set forth the grounds for her appeal as required by the plain language of the Ohio Administrative Code.[1]  Having failed to comply with the requirements for perfecting an appeal, Plaintiff instead argues that the Ohio Administrative Code is flawed.  However, Plaintiff's unsupported theories do not provide a legal basis for this Court to change the requirements for perfecting an appeal or excuse Plaintiff from complying with these requirements.  Therefore, the SLRO did not err in dismissing Plaintiff's appeal.

### II.  PROCEDURAL HISTORY[2]

On or about May 5, 2015, Plaintiff, through counsel, filed a due process complaint pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA") against Defendant Nordonia Hills City School District Board of Education

---

[1]     The provisions of the Ohio Administrative Code that govern the education of students with disabilities have been compiled into a document entitled Ohio's Operating Standards for the Education of Children with Disabilities ("Operating Standards").  (*See* **Exhibit A** attached which is being provided only for the Court's convenience and reference.)

[2]     In its Brief in Opposition to Plaintiff's Request for Judgment on the Administrative Record ("Opposition") the District is not including a Statement of Facts because the underlying facts are not at issue before this Court.  Rather, the only issue before this Court is procedural in nature.  That being said, the "facts" section of Plaintiff's Brief is so rife with errors it is largely fiction.  Numerous "factual" propositions are unsupported by citations to the administrative record and constitute the "facts" that Plaintiff tried unsuccessfully to prove during the due process hearing (e.g., student was "bullied mercilessly," "was suicidal," "[student] and his Parent were asking for help," student was "prohibited from attending any school functions or being on school property").  These "facts" are untrue.  Additionally, the vast majority of the Student's 7th grade year, which is detailed in Plaintiff's "facts" section, is outside the statute of limitations in this matter.  In short, as the underlying facts are not relevant to this Court's decision on the strictly procedural matter before it, and in the interest of brevity, the District will not address or correct Plaintiff's factual misstatements contained within her Brief.

("District").[3]  On May 8, 2015, Irene H. McMullen was appointed as the impartial hearing officer.[4]  On or about May 13, 2015, Plaintiff filed, again through counsel, a first amended IDEA due process complaint against the District.[5]  On September 15, 2015, Plaintiff's counsel filed a motion with IHO McMullen seeking leave to file a second amended due process complaint.[6]  Plaintiff's Motion for Leave was addressed at the Disclosure Conference held on September 16, 2015.[7]  Ultimately, the District withdrew its objection to the filing of the Second Amended Due Process Complaint and the Complaint was accepted as filed on September 17, 2015.[8]

A due process hearing on the issues raised in the Second Amended Due Process Complaint was held on January 12, 13, 20, 21, 22, 25 and 30, 2016 as well as March 1 and 2, 2016.[9]  Briefing was completed thereafter and, on May 2, 2016, IHO McMullen issued her Final Decision.[10]  In the Final Decision, the IHO found in favor of the District on all of Plaintiff's claims.[11]  The IHO's Final Decision included a "Notice of Opportunity to Appeal Decision of Impartial Hearing Officer or Bring Civil Action to Appeal State Level Decision" that set forth the requirements for appealing her Final Decision.[12]

---

[3]     Record of Administrative Proceedings ("Admin. Record"), at File Folder 3 of 4, Item No. 1 (*see* ECF #11).

[4]     Admin. Record at File Folder 3 of 4, Item No. 1.  Further, in Ohio, "Impartial Hearing Officer" or "IHO" is the term utilized to the administrative law judge who presides over an IDEA due process hearing.

[5]     Admin. Record at File Folder 3 of 4, Item No. 1.

[6]     *Id.*

[7]     Admin. Record at File Folder 4 of 4, Item No. 1.

[8]     Admin. Record at File Folder 3 of 4, Item No. 1.

[9]     Admin. Record at File Folder 4 of 4, Item Nos. 2 – 10.

[10]     Admin. Record at File Folder 1 of 4, Item No. 3.

[11]     *Id.*

[12]     *Id.*

On June 15, 2016, Plaintiff, through counsel, appealed the IHO's Final Decision.[13]  The

Ohio Department of Education appointed Robert Mues as the State Level Review Officer.[14]   On

June 21, 2016 the District filed its *Motion to Dismiss Petitioner's Notice of Appeal with

Memorandum in Support*.[15]  On June 26, 2016, Plaintiff, through counsel, filed a *Response to the

Board's Motion to Dismiss or, in the Alternative, Motion to Amend Notice of Appeal*.[16]  On July

1, 2016, the District filed its *Reply and Opposition to Petitioner-Appellant's Response to Motion

to Dismiss or, in the Alternative, Motion to Amend Notice of Appeal*.[17]   On July 7, 2016, the

SLRO issued an *Order Dismissing Petitioner's Appeal*.[18]  On October 5, 2016, Plaintiff appealed

the SLRO's dismissal of her appeal to this Court.[19]

## III. LAW AND ARGUMENT

### A.  The Appropriate Standard of Review in IDEA Matters.

This Court, based on well-settled Sixth Circuit precedent, has recently explained the

"modified *de novo*" standard of review applicable in IDEA cases as follows:

> When an IDEA action is filed, the district court: '(i) shall receive the records of
> the administrative proceedings; (ii) shall hear additional evidence at the request of
> a party; and (iii) basing its decision on the preponderance of the evidence, shall
> grant such relief as the court determines is appropriate.' 20 U.S.C. §
> 1415(i)(2)(C). In so doing, the district court 'should make an independent

---

[13]     Admin. Record at File Folder 1 of 4, Item Nos. 4 – 5.  Although the Ohio Department of Education's
*Certification of Records of Administrative Proceedings* provides a June 16, 2016 date for this document, it was, in
fact, served upon District counsel on June 15, 2016.

[14]     State Level Review Officer is the title utilized for the individual who presides over the appeal of an IHO's
decision in Ohio.

[15]     Admin. Record at File Folder 1 of 4, Item No. 6.

[16]     *Id.*

[17]     *Id.*

[18]     Admin. Record at File Folder 1 of 4, Item No. 2.

[19]     Admin. Record at File Folder 1 of 4, Item No. 1.

decision based on the preponderance of the evidence but also should give 'due weight' to the determinations made during the state administrative process.

*Ravenna Sch. Dist. Bd. of Educ. v. Williams*, No. 5:11CV1596, 2012 WL 3263258, at *1–2 (N.D. Ohio Aug. 9, 2012) (citing *Deal v. Hamilton Cnty. Bd. of Educ.,* 392 F.3d 840, 849 (6th Cir.2004) (citing *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)).

In applying this "modified *de novo*" standard of review, while district courts may not "simply adopt the state administrative findings without an independent reexamination of the evidence," they must also not "substitute their own notions of sound educational policy for those of the school authorities which they review." *Id.* (quoting *Doe ex rel. Doe v. Metro. Nashville Pub. Schs.,* 133 F.3d 384, 387 (6th Cir. 1998) and *Thomas v. Cincinnati Bd. of Educ.,* 918 F.2d 618, 624 (6th Cir. 1990)). Additionally, the amount of weight accorded to the administrative findings is dependent on whether the findings are based on educational expertise. *Id.* (citing *McLaughlin v. Holt Pub. Schs. Bd. of Educ.,* 320 F.3d 663, 669 (6th Cir. 2003)). As this Court noted in *Ravenna*:

> Stated succinctly, a district court may set aside administrative findings in an IDEA case only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of the testimony, or both.

*Id.* (internal citations and quotations omitted). This is the standard of review applicable to the instant matter.

**B.  The State Level Review Officer Did Not Err in Dismissing Plaintiff's Appeal for Failure to Comply with the Requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a).**

    **1.  *Ohio's Administrative Code Mandates that a Notice of Appeal to a State Level Review Officer Set Forth the Specific Grounds for the Appeal.***

It is undisputed that the plain language of O.A.C. 3301-51-05(K)(14)(b)(i)(a) requires that a party appealing the decision of an impartial hearing officer to a state level review officer must properly state the grounds for his/her appeal.  Specifically, this section of the Administrative Code provides:

Appeal of decisions; impartial review

(i)    Any party aggrieved by the findings and decision in the hearing may appeal the findings and decision in writing to the Ohio Department of Education within forty-five days of receipt of the hearing decision.

    (a) The **notice** shall set forth the order appealed **and the grounds of the party's appeal**; and

    (b) A party filing an appeal shall notify the other party of the filing of the appeal.

O.A.C. § 3301-51-05(K)(14)(b) (emphasis added).

As SLRO Mues concluded in the underlying appeal, there is simply no way to work around this plain language and the clear requirements of this Code provision.  In fact, Plaintiff acknowledges this language; however, she argues that the language should not apply.  As discussed more fully below, none of Plaintiff's arguments are meritorious, nor does she provide any grounds upon which this Court can simply disregard the plain language of the Ohio Administrative Code.

## 2. *The State Board of Education was Authorized to Adopt Procedures Necessary to Perfect an Appeal to a State Level Review Officer.*

The crux of Plaintiff's argument is that the provisions of O.A.C. § 3301-51-05(K)(14)(b) are inapplicable because they are set forth in the Ohio Administrative Code as opposed to the Ohio Revised Code. Specifically, Plaintiffs argues that because R.C. § 3323.05(H) does not include the requirement that the "grounds" for an appeal to a state level review officer be included in the notice of appeal, the Ohio Administrative Code cannot include such a requirement.[20] This argument is fatally flawed as it overlooks the plain language of R.C. § 3323.05.

> R.C. § 3323.05, "Procedures to assure guaranteed procedural safeguards in decisions," states: The **state board of education shall establish procedures** to ensure that children with disabilities and their parents are guaranteed procedural safeguards under this chapter with respect to a free appropriate public education. **The procedures shall include, but need not be limited to:**
>
> ***
>
> (H) An opportunity for any party aggrieved by the findings and decision rendered in a hearing under division (G) of this section to appeal within forty-five days of notification of the decision to the state board, which shall appoint a state level officer who shall review the case and issue a final order. **The state level officer shall be appointed and shall review the case in accordance with standards and procedures adopted by the state board. . .**

R.C. § 3323.05 (emphasis added). This language explicitly requires the State Board of Education to adopt procedures that include, but "need not be limited to,"[21] the items set forth in

---

[20]     Plaintiff also argues that she filed her Notice of Appeal citing R.C. 33323.05(H). (Plaintiff's Brief at 13, fn 4.) However, in actuality, Plaintiff's Notice of Appeal stated that she was filing her notice of appeal "under Revised Code Section 3323.05(H) and *Rule 3301-51-05(K)(14)(b) of the Administrative Code*." (Admin. Record at File Folder 1 of 4, Item No. 4, emphasis added.) Thus, the language of Plaintiff's own Notice of Appeal undermines her argument that her appeal was not taken pursuant to the relevant provision of the Ohio Administrative Code.

[21]     Notably, although Plaintiff's Brief includes a quotation from R.C. § 3323.05, she neglects to include the "need not be limited to" language from the statute. (Plaintiff's Brief at 11.)

the Ohio Revised Code.[22]    Thus, Plaintiff's argument that the O.A.C. cannot contain requirements beyond those set forth in the Ohio Revised Code is wholly without merit.

### 3.    *The Provisions of Ohio's Administrative Code Were Necessarily Applicable to Plaintiff's SLRO Appeal.*

Plaintiff's next argument – that the provisions of O.A.C. 3301-51-05(K)(14)(b) were not applicable to her Notice of Appeal – also ignores the plain language of R.C. § 3323.05(H). (Plaintiff's Brief at 12-13.)  This statutory language specifically *requires* that a state level review officer apply the procedures adopted by the State Board of Education when reviewing a case. *See* R.C. § 3323.05(H) ("The state level officer shall be appointed and **shall review the case in accordance with standards and procedures adopted by the state board**.") (emphasis added). In other words, SLRO Mues did not have the discretion to simply ignore the requirements in O.A.C. 3301-51-05(K)(14)(b) when reviewing Plaintiff's Notice of Appeal.

Indeed, any decision that Plaintiff was not required to include the grounds in her notice of appeal would effectively negate the plain language of O.A.C. 3301-51-05(K)(14)(b).  This provision states that the "**notice shall** set forth the order appealed **and the grounds of the party's appeal**. . ."  O.A.C. 3301-51-05(K)(14)(b)(i)(a) (emphasis added).  This language does not permit a party to offer a general statement of disagreement and later file an amended or supplemental notice (or other pleading) that actually states the grounds for appeal.  As discussed

---

[22]    The Ohio Administrative Code is replete with instances where the State Board of Education has adopted rules and procedures that govern the provision of special education and related services to students with disabilities that go beyond what is specifically listed in the Ohio Revised Code.  For example, R.C. § 3323.04 provides that the State Board of Education "shall establish procedures and standards for the development of individualized education programs for children with disabilities."  R.C. § 3323.04.  The statute goes on to state that the "state board shall require the board of education of each school district to develop an individualized education program for each child with a disability who is at least three years of age and less than twenty-two years of age residing in the district in a manner that is in accordance with rules of the state board."  The "procedures" adopted by the State Board of Education are located at O.A.C. 3301-51-07.  These lengthy provisions set forth the standard that school districts must meet when developing an IEP and cover a variety of issues including the composition of the IEP team, parent participation, components that must be included in the IEP, when IEPs must be in effect and standards for the development, review and revisions of IEPs.  *See generally* O.A.C. 3301-51-07.

more fully below, to allow this practice would be run counter to the plain language of the Ohio Administrative Code as set forth above.

As SLRO Mues correctly acknowledged, the Ohio Administrative Code contains "very detailed requirements for amending a Due Process Complaint, but [is] completely silent on the issue of amending an appeal of an IHO decision."[23]  Continuing, SLRO Mues stated: "This omission is glaring, particularly in light of the detail in which the amendment of the due process complaint is addressed.  For this reason, I am hesitant to add language to a statute where it appears the legislative intent was to exclude it."[24]  The SLRO's conclusion was correct and in accordance with well-settled rules of statutory construction discussed *infra*.

Moreover, just days after SLRO Mues issued his decision, the Sixth Circuit recognized the procedural requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a) in *Gibson v. Forest Hills Local Sch. Dist. Bd. of Educ.*, 655 F. App'x 423, 432–33 (6th Cir. 2016) which Plaintiff seeks to avoid here.  In *Forest Hills* the school district presented arguments to the state level review officer although it did not file a notice of appeal.  Instead, when the parent appealed, the school district included its issues in the briefing submitted to the SLRO.  Although the SLRO rejected all of the parents' claims on appeal, she left the award of compensatory education intact, finding that the school district had forfeited its claim regarding this issue when it did not file a notice of appeal. *Id.* at 429.  Both parties appealed the SLRO's decision.

Ultimately, the United States District Court, Southern District of Ohio, dismissed the school district's complaint, finding that the school district failed to exhaust its administrative remedies because it did not file an appeal to the SLRO. *Forest Hills,* 655 F. App'x.at 430.  On

---

[23]     Admin. Record at File Folder 1 of 4, Item No. 2, at p. 3.

[24]     Admin. Record at File Folder 1 of 4, Item No. 2, at p. 4.

appeal, when considering the district court's dismissal of the school district's complaint, the Sixth Circuit recognized that:

> Ohio regulatory law states that any party aggrieved by the IHO's 'findings and decision' may appeal to an SLRO by filing a written notice with the Ohio Department of Education. . . That notice must 'set forth the order appealed and ***the grounds of the party's appeal***.'

*Id.* at 432 (citing O.A.C. 3301−51−05(K)(14)(b)(i)(*a*)) (emphasis added).  The Sixth Circuit rejected the school district's argument that it was not required to file a notice of appeal because the SLRO's duty to examine the "entire" record and make an "independent" decision, required her to consider all arguments raised by the parties in their briefs "irrespective of whether they filed a notice of appeal."  *Id.* at 432.  In so doing, the *Forest Hills* Court stated:

> Forest Hills's reading of the regulation renders superfluous the regulation's mandatory requirement that a party's notice of appeal identify not only the 'order appealed,' but also the particular 'grounds of the party's appeal.' [citation omitted]. **That notice requirement, which serves to ensure that the parties, the Ohio Department of Education, and the SLRO are all aware of which issues are in dispute, would make little sense if the parties could ignore it and raise any and all issues in their briefing**. The surplusage is a problem because we must try to 'avoid [any] construction which renders a provision meaningless or inoperative.' *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 929 N.E.2d 448, 452 (2010) (quoting *State ex rel. Myers v. Spencer Twp. Rural Sch. Dist. Bd. of Educ.*, 95 Ohio St. 367, 116 N.E. 516, 517 (1917)).

*Id.* at 432-33 (citing O.A.C. 3301-51-05(K)(14)(b)(i)(a)).

Here, the very O.A.C. requirement that Plaintiff argues is inapplicable has been specifically recognized as valid by the Sixth Circuit.  Much like the school district in *Forest Hills*, Plaintiff urges this Court to adopt a reading of the Ohio Administrative Code that would render the requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a) meaningless.  Clearly, Plaintiff's argument that she was not required to set forth the grounds for her appeal is directly contrary to the requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a) and the Sixth Circuit's precedent in *Forest Hills*.

{02321805 - 1}                                          9

Finally, this Court, in accordance with well-settled authority, has previously determined that the plain language of provisions of the Ohio Administrative Code applicable to IDEA proceedings must be heeded.  In *Ravenna City School District Board of Education v. Williams*, No. 5:11-cv-1596, 2012 WL 3263258, at *3 (N.D. Ohio Aug. 9, 2012), this Court overturned an SLRO decision that did not comport with the Ohio Administrative Code.  In addressing a transfer of rights issue, this Court concluded:

> [The hearing officer's] conclusion, however, would entirely negate Ohio Administrative Code § 3301-51-05(D)(1)(b).  As detailed above, this provision transfers all the rights of the parent to the child at the age of 18.  Thus, *Winkelman*'s conclusion that the parent has independent rights is explicitly acknowledged by the administrative code and provides for those rights to be transferred.  Under the analysis of the hearing officer, no rights could ever be transferred because the parents always retain their rights.  As such, the hearing officer's rationale must be rejected as in conflict with the plain, unambiguous language of the administrative code and the IDEA.

*Id.* at *3.  Here, as it did in *Ravenna*, this Court must decline Plaintiff's invitation to ignore the requirements of the Ohio Administrative Code.[25]

### 4.  *SLRO Mues Did Not Err In Concluding that the Requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a) Must Be Followed to Perfect an Appeal.*

Plaintiff's argument that she was not required to state the grounds for her appeal – as required by O.A.C. 3301-51-05(K)(14)(b)(i)(a) – in order to perfect her appeal is also without merit.  (Plaintiff's Brief at 11-12.)

As a general rule, in administrative appeals subject matter jurisdiction does not vest until an appeal is perfected, and an appeal is perfected only when a notice of appeal is filed in accordance with the statutory requirements that grant a party the right to appeal.  *See Zier v. Bur.*

---

[25]  Recognition of the provisions of the Ohio Administrative Code that govern appeals to a State Level Review Officer is not a new concept.  In *Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.*, No. 3:12-cv-00187, 2012 WL 3808902, at *2 (N.D. Ohio Aug. 8, 2012), the court recognized the provisions of O.A.C. 3301-51-05(K) governing the procedures for a state level review officer's review of a matter.  *See also K.S. v. Strongsville City Sch. Dist.*, No. 1:13-cv-91, 2014 WL 2442193, at *34 (N.D. Ohio May 30, 2014) (recognizing the O.A.C. procedures applicable to a state level review officer's review of an appeal).

*of Unemployment Comp.*, 151 Ohio St. 123, 125, 84 N.E.2d 746 (1949); *CHS-Windsor, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 05AP-909, 2006-Ohio-2446, ¶ 6.  Further, parties "**must strictly adhere** to the filing requirements" in an appeal statute "in order to perfect an appeal and invoke the jurisdiction" of the reviewing tribunal.  *CHS-Windsor, Inc.,* at ¶ 6 (emphasis added).  *See also Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 17.

Here, Plaintiff argues that this well-settled principle does not apply because the "grounds" requirement is not specifically included in R.C. 3323.05(H); rather, it is set forth in O.A.C. 3301-51-05(K)(14)(b).  This argument overlooks the Supreme Court of Ohio's rulings that that "[a]n administrative rule, "…issued pursuant to statutory authority, *has the force and effect of law* unless it is unreasonable or is in clear conflict with statutory enactment governing the same subject matter." *Youngstown Sheet & Tube Co. v. Lindley*, 38 Ohio St. 3d 232, 234, 527 N.E.2d 828 (1988) (citing *Kroger Grocery & Baking Co. v. Glander*, 149 Ohio St. 120, 125, 77 N.E.2d 921 (1948) (emphasis added)).  *See also Burroughs v. Ohio Dep't. of Adm. Servs.*, 10th Dist. No. 12AP-522, 2013 WL 3875385 at * 7 (July 25, 2013) (citing *Kroger* for proposition that an administrative rule issued pursuant to statutory authority has the force of law).[26]  Applying this principle to the case at bar, it is clear that the mandates of O.A.C. 3301-51-05(K)(14)(b)(i)(a) have the force and effect of law.

First, R.C. § 3323.05(H) *requires* the State Board of Education to establish procedures for appeals.  In accord with this requirement, the State Board of Education enacted O.A.C. 3301-

---

[26]    While Plaintiff quotes extensively from *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (Ohio 1998), her reliance on this case is misplaced as the court addressed only the narrow question of "[w]hether a violation of the Ohio Basic Building Code may constitute negligence *per se*."  (Plaintiff's Brief at p. 12.)

51-05(K)(14)(b) to govern appeals to a state level review officer.[27]  Further, there is no evidence that the requirements of O.A.C. 3301-51-05(K)(14)(b) are unreasonable or in conflict with R.C. § 3323.05(H).  Indeed, as noted above, these requirements have been recognized by the Sixth Circuit and in the Northern District of Ohio.  *See Forest Hills,* 655 F. App'x at 432-33; *Horen*, 2012 WL 3808902, at *2; *K.S.*, 2014 WL 2442193, at *34.  Thus, the unequivocal requirement that a party's notice of appeal "***shall set forth*** the order appealed ***and the grounds of the party's appeal***" has the force and effect of law.  *See* O.A.C. 3301-51-05(K)(14)(b)(a) (emphasis added).  Consequently, strict adherence to the O.A.C.'s requirements is necessary to perfect an appeal.

Second, Plaintiff's reliance on *In re Healthco Facilities, Inc.*, 79 Ohio App.3d 385, 607 N.E.2d 503 (10th Dist. 1992), in support of a contrary conclusion, is misplaced as *Healthco* is entirely distinguishable from the instant case.  As an initial matter, the *Healthco* case involves the procedures that applied (in the late 1980's) to the Certificate of Need Review Board ("CONRB") – not an appeal of an administrative hearing officer's decision under the IDEA.  *Id.* Further, the *Healthco* decision made clear that the court was providing guidance that was specific to appeals to the CONRB.  The *Healthco* Court stated:

> Since all appeals from CONRB decisions are now supposed to be made directly to this court, the burden falls upon us to provide some guidance to CONRB as to our view of the appropriate procedure.

*Id.* at 391.  The *Healthco* Court clearly did not intend for its guidance to be generally applicable.

---

[27]     The Ohio Department of Education explains the rules adopted by the State Board of Education as follows:

> Just as a statute is law, a rule is a regulation.  Whereas statutes are contained within the Ohio Revised Code, rules are contained within the Ohio Administrative Code.  **Rules have the full force of law, but are usually more detailed.**  The key difference between a statute and a rule, however, is that whereas the Ohio General Assembly writes legislation, which becomes law, state agencies (like ODE) are tasked with writing rules.  The primary purpose of an administrative rule is to flesh-out or implement a statute.

*See* http://education.ohio.gov/About/Legislative-Services/SBE-ODE-Administrative-rules (last visited March 29, 2017) (emphasis added).

Indeed, there are no decisions applying *Healthco* to contexts outside the CONRB process.[28]

Finally, *Healthco* Court further noted that the case was "complicated by the fact that the statutory

scheme in CON cases is rife with internal conflicts."  *Id.*  Such is not the case in Ohio's laws

governing the provision of special education and related services to students with disabilities.

Thus, the court's decision in *Healthco* cannot be extrapolated to IDEA appeal procedures.[29]

Given the authority outlined above, SLRO Mues did not err in concluding that

compliance with O.A.C. 3301-51-05(K)(14)(b)(i)(a) was required in order for Plaintiff to perfect

her appeal.

> **5.  *The State Level Review Officer Did Not Err in Concluding Plaintiff's Notice
> of Appeal Failed to Set Forth the Grounds for Appeal as Required by the
> Ohio Administrative Code.***

The SLRO did not err in concluding that Plaintiff failed to include grounds in her Notice

of Appeal.  Accordingly, the relief currently sought by Plaintiff is neither required nor allowed.

Ohio courts have long held that – when a statute requires a party's notice of appeal to

include the grounds for the appeal – a party must do much more than recite an elementary

standard of review or a general disagreement with the adverse decision.  For example, in

*MedCorp, Inc. v. Ohio Dept. of Job & Family Servs.,* 121 Ohio St.3d 622, 2009-Ohio-2058, 906

N.E.2d 1125, a provider of medical transport services to qualified Medicaid patients appealed an

agency order, which disallowed repayment of certain services claims.  The provider appealed the

agency's decision to the trial court under R.C. § 119.12.[30]  *Id.* at ¶¶ 4-5.  While the statute – in

---

[28]    The only case the District was able to locate that cites *Healthco* is *In the Matter of: The Christ Hospital, et al.,* Nos. 93AP-800, 93AP-801, 93AP-802 and 93AP-803, 1994 WL 97229 (Ohio Ct. App. Mar. 24, 1994) which also involves a CONRB issue.

[29]    Unlike the IDEA's statutory scheme, there is no indication that the General Assembly mandated that CONRB reviews take place in accordance with the provisions of the Ohio Administrative Code.

[30]    Court decisions interpreting the "grounds" requirement in R.C. § 119.12 are applicable to the interpretation of the identical "grounds" language in O.A.C. 3301-51-05(K)(14)(b)(i)(a) (*i.e.,* "the notice shall set forth the order

express terms – stated that any party desiring to appeal an administrative agency order must file a notice of appeal setting forth "the grounds of the party's appeal," the provider only recited the statutory formula in the notice (indicating that the agency decision was "not in accordance with law" or "supported by reliable, probative, and substantial evidence"). *Id.* at ¶ 8.

Consistent with the District's position here, the Ohio Supreme Court in *MedCorp, Inc.* held that the party seeking appeal was obligated to provide additional and specific information in the notice of appeal under the statute's grounds provision. *MedCorp, Inc.*, at ¶ 22. Indeed, by "specifically requiring an appealing party to state the 'grounds of [its] appeal in the notice of appeal, the General Assembly clearly intended that the appealing party should provide some information supporting its conclusion that the order is not in accordance with the law and is not supported by reliable, probative, and substantial evidence." *Id.* at ¶ 15. As a result, a party "must identify specific legal or factual errors in their notices of appeal," which "must be specific enough that the trial court and opposing party can identify the objections and proceed accordingly, much in the same way that assignments of error and issues for review are presented in the courts of appeals and propositions of law are asserted in this court." *Id. at ¶* 20. Above all else, because the appellant "failed to designate precise errors in its notice of appeal," the court held that the party's notice did not adhere to the statute's notice provisions, and it dismissed the case for lack of jurisdiction. *Id.* at ¶ 21.

Indeed, under this bedrock principle of law, Ohio courts consistently and repeatedly have

---

appealed and **the grounds of the party's appeal**"). *Compare with* pre-amended R.C. § 119.12 ("Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and **the grounds of the party's appeal**.") (emphasis added). All cited cases interpreting the "grounds" language of R.C. § 119.12 are before the 2010 revision of the statute, which lessened the requirements for appeals. However, the "recent amendments to R.C. § 119.12 do not alter the necessity for strict adherence to the statutory requirements to invoke the trial court's jurisdiction over an administrative appeal." *Foreman v. Lucas Cty. Court of Common Pleas*, 10th Dist. No. 10AP-276, 2010-Ohio-4731, ¶ 15. Thus, as the language of in O.A.C. 3301-51-05(K)(14)(b)(i)(a) is the same as pre-amended R.C. 119.12, the court opinions construing the grounds language of R.C. § 119.12 are relevant to an interpretation of the Operating Standards.

held that a party fails to identify the necessary grounds for an appeal where the notice only copies a rote standard of review or disagrees generally with an adverse decision. *See, e.g.*, *Green v. State Bd. of Registration for Professional Engineers & Surveyors*, 2nd Dist. No. 05CA121, 2006-Ohio-1581, ¶ 14 (notice of appeal, which merely stated that party was "adversely affected" by agency's order, was a "bare contention" that was "insufficient to satisfy the 'grounds' requirement" of the appeal statute); *CHS-Windsor*, at ¶ 10 (ruling that notice of appeal failed "to state a cognizable ground for appeal," as notice only alleged that agency order "was not in accordance with law"); *Foreman v. Lucas Cty. Court of Common Pleas*, 10th Dist. No. 10AP-276, 2010-Ohio-4731, ¶¶ 2, 13 (holding that notice – which based "appeal on issues of fact and law" – did "not identify any specific legal or factual errors in SPBR's order"); *Masterson v. Ohio Motor Vehicle Dealers' & Salespersons' Licensing Bd.*, 10th Dist. No. 80AP-979, 1981 WL 3230, at *1 (June 4, 1981) ("We find nothing in the notice of appeal, nor do we find that appellant filed any briefs or otherwise argued to the Common Pleas Court as to how or why the order of the appellee was in error.").  Furthermore, these legal authorities recognize that the purpose of identifying grounds in a notice of appeal is to make the opposing party as well as the reviewing tribunal aware of the appealing party's claims. *See, e.g.*, *Green*, 2006-Ohio-1581, ¶ 13.

Here, Plaintiff's Notice of Appeal did not properly set forth *any* grounds for the appeal. The Notice, instead of offering specific errors in support of the appeal, stated in conclusory and broad terms that the IHO's decision "is not supported by reliable, probative, and substantive evidence and is not made in accordance with existing law."[31]  However, if "every appealing party could simply restate the standard of review applicable to all appeals without further

---

[31]     Admin. Record at File Folder 1 of 4, Item No. 4.

specification, this [grounds] requirement would, in effect, be excised from the statute." *MedCorp*, *Inc*., at ¶ 15. Consequently, as the above case law demonstrates, cutting and pasting a legal standard of review or voicing a general disagreement with an IHO's decision does not rise to the necessary level of grounds under the Ohio Administrative Code.[32]

Likewise, Plaintiff cannot succeed in her underlying appeal by broadly requesting a "full de novo review of the issues decided, all legal conclusions, and all findings of fact."[33] In essence, by doing so, Plaintiff asked SLRO Mues to review the entire IHO decision and record. This vague, all-encompassing language contravenes the unmistakable "grounds" language of the Ohio Administrative Code. And, from a practical standpoint, without a more fully developed Notice of Appeal, neither SLRO Mues nor the District could do more than guess about the nature of the IHO's purported errors. As noted by the Sixth Circuit in *Forest Hills*, the notice requirement in O.A.C. 3301-51-05(K)(14)(b)(i)(a) "serves to ensure that the parties, including the Ohio Department of Education and the SLRO, are all aware of which issues are in dispute" and it "would make little sense if the parties could ignore it and raise any and all issues in their briefing." *Forest Hills*, 655 F. App'x at 432–33. Thus, Plaintiff's general statement of disagreement with the entirety of IHO McMullen's decision did not constitute a "ground" for her appeal as required by O.A.C. 3301-51-05(K)(14)(b)(i)(a).

Plaintiff further claims that her Notice of Appeal sets forth "grounds" based on the statement that she continued to "seek exhaustion under the IDEA in order to pursue [her] claims

---

[32]     Plaintiff's argument that this statement constitutes a "ground" for appeal under the post-2010 version of R.C. § 119.12(D) is unavailing as this statute does not govern her appeal and its language is now markedly different from O.A.C. 3301-51-05(K)(14)(b)(i)(a). While Plaintiff cites the SLRO's decision in SE/SLR 3168-2015 in support of her argument that a restatement of the R.C. § 119.12(D) standard is a "ground", it must be noted that the SLRO in that case found that reliance on the standard set forth in R.C. § 119.12(D) to be "misguided" and that notice of appeal was "defective." (SE/SLR 3168-2015 Decision at 4.)

[33]     Admin. Record at File Folder 1 of 4, Item No. 4.

under the Americans with Disabilities Act, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973" as well as "any other applicable Federal or State provisions." (Plaintiff's Brief at 25 - 27.)[34]  Yet, for the same reasons as outlined above, this vague and unencumbered statement – which raises statutory arguments that were not even at issue in the matter before IHO McMullen – cannot cure Plaintiff's failure to state the grounds for the appeal.

Finally, Plaintiff's reliance on the recent U.S. Supreme Court decision *Fry v. Napoleon Comm. Schs.*, 137 S.Ct. 743, 340 Ed. Law Rep. 19 (2017), is wholly misplaced.  The *Fry* Court held that exhaustion of the IDEA's administrative procedures is unnecessary where the gravamen of the plaintiff's suit is something other than the denial of a FAPE.  Here, the sole issue before this Court is Plaintiff's procedurally-deficient Notice of Appeal – nothing more.  This issue must necessarily be addressed by a review of the relevant Ohio Administrative Code provisions – not the statutes in play in *Fry*.  Thus, the Court's decision in *Fry* is completely irrelevant to the issue before this Court.

In sum, SLRO Mues did not err in concluding that Plaintiff's Notice of Appeal failed to state the grounds for her appeal.  Accordingly, the SLRO's decision dismissing Plaintiff's appeal must stand.

### 6. *State Level Review Officer Mues Did Not Err Dismissing Plaintiff's Appeal for Failure to Set Forth the Grounds for Appeal as Required by the Ohio Administrative Code.*

Ohio courts routinely hold that failure to include grounds in a notice of appeal – as mandated by statute – necessitates dismissal of the appeal for lack of subject matter jurisdiction. *See, e.g.*, *MedCorp, Inc., supra*, at ¶¶ 20-21 (dismissing cause for lack of jurisdiction, as notice of appeal failed to identify specific legal or factual errors in accordance with statutory grounds requirement); *Foreman*, *supra,* at ¶ 13 (party's failure to identify "specific enough" grounds,

---

[34]     *See also* Admin. Record at File Folder 1 of 4, Item No. 4.

which would allow the "court and the appellee to identify the appellant's objections to the agency's order," precluded trial court from exercising jurisdiction over the appeal); *Green*, *supra,* at ¶ 20 ("[W]e necessarily hold that the common pleas court lacked jurisdiction to review the Board's findings and orders pursuant to R.C. 119.12 because Green's notice of appeal failed to comply with the requirements of that section concerning the contents of the notice of appeal by not setting forth the grounds for the review his notice requested."); *Masterson*, *supra,* at *2 ("By failing to set forth any grounds for appeal, we find that appellant's failure to comply with the mandatory requirements of R.C. 119.12 is a jurisdictional defect which would have required the Common Pleas Court to dismiss the appeal without consideration of the merits."); *Berus v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 04AP-1196, 2005-Ohio-3384, ¶ 12 ("the failure to state grounds is a jurisdictional defect requiring the common pleas court to dismiss the appeal without consideration of its merits").

While there are no IDEA cases directly on point, SLRO Mues did not err in applying these well-settled principles to the instant case. Indeed, the Sixth Circuit's decision in *Forest Hills*, which was issued shortly after the SLRO's decision, is instructive. In finding that the school district's failure to perfect its appeal was a jurisdictional defect, the *Forest Hills* Court acknowledged the requirements of O.A.C. 3301-51-05(K)(14)(b)(i)(a) and their importance. *Forest Hills*, 655 F. App'x at 432–33. Thus, following the Sixth Circuit's precedent in *Forest Hills*, Plaintiff's failure to include the grounds for her appeal in her Notice of Appeal deprives the SLRO of jurisdiction and he did not err in dismissing her appeal.

### C. Plaintiff's Numerous Public Policy and Conflict Theories Do Not Justify Overriding the Plain Language of O.A.C. 3301-51-05(K)(14)(b)(i)(a).

#### 1. *Plaintiff's "Public Policy" Arguments are Unavailing.*

Having failed to find any legal authority in support of her theories, Plaintiff instead advances a number of "public policy" arguments – none of which are availing.  Plaintiff argues, without citation to any authority, that the "grounds" requirement in O.A.C. 3301-51-05(K)(14)(b)(i)(a) does not comport with legislative intent.  Plaintiff theorizes that, because the General Assembly removed the "grounds" requirement from R.C. § 119.12, any rule requiring that a party state the grounds for appeal "undermines" public policy.  (Plaintiff's Brief at 13-14.)  This argument fails on a number of levels.

As an initial matter, the provisions of R.C. § 119.12 do not govern the appeal of an impartial hearing officer's decision to a state level review officer.  These appeals are unquestionably governed by R.C. § 3323.05(H) and O.A.C. 3301-51-05(K)(14)(b).  Therefore, changes to R.C. § 119.12, as well as the intent of the legislature in making these changes, are irrelevant.

Moreover, contrary to Plaintiff's broad-brush assertions, there is significant oversight in Ohio's administrative rule-making process.[35]  Specifically, existing rules must be reviewed every five years to determine if the rule should be amended, rescinded or kept the same.[36]  As part of

---

[35]    Plaintiff appears to argue that administrative rules must be given less weight because the individuals who enact them are not accountable to constituents.  (Plaintiff's Brief at 12 (citing *Chambers v. St. Mary's School*, 82 Ohio St.3d at 567).)  However, Ohio's State Board of Education is made up of 19 members – 11 whom are elected and eight of whom are appointed by the governor.  *See* http://education.ohio.gov/State-Board/State-Board-Members (last visited March 29, 2017).  Thus, any argument that the members of the State Board of Education are not accountable to constituents is without merit.

[36]    *See* http://education.ohio.gov/About/Legislative-Services/SBE-ODE-Administrative-rules (last visited March 29, 2017).

this process, rules are submitted to the Joint Committee on Agency Rule Review ("JCARR").[37] JCARR's primary function is to review proposed new, amended and rescinded rules from state agencies to "ensure that they do not exceed their rule-making authority granted to them by the General Assembly." *See* http://www.jcarr.state.oh.us/home (last visited March 27, 2017). JACARR determines whether agency rules comply with certain requirements – including: (1) whether the rule exceeds the agency's statutory authority; (2) whether the rule conflicts with an existing rule of that agency or another state agency; and (3) whether the rule conflicts with legislative intent. *See id.*

The current provisions of the Ohio Administrative Code related to the education of students with disabilities, were reviewed, revised, and adopted by the State Board of Education effective July 1, 2014. *See* Ohio Operating Standards for the Education of Students with Disabilities (attached as **Exhibit A**). The latest version of O.A.C. 3301-51-05(K)(14)(b)(i)(a), which is applicable in this matter, includes the "grounds" requirement. If this requirement exceeded the State Board of Education's authority or conflicted with Ohio law or legislative intent, it would have been revised as part of JCARR's review. Therefore, Plaintiff's argument that the "grounds" requirement is contrary to public policy is without merit.

Plaintiff's further argument that "[t]o [sic] extent O.A.C. 3301-51-05(K)(14)(b)(i)(a) has any legitimate effect at this point, it should not be applied to undermine the access of children and their parents to the procedures of O.R.C. 3323.05 and 20 U.S.C. 1415" is likewise without merit. (Plaintiff's Brief at 14). Essentially, Plaintiff is asking this Court to overlook her failure to comply with the clear requirement that her Notice of Appeal include the "grounds" for the appeal. However, courts are generally disinclined to reward a party's failure to comply with

---

[37] The JCARR committee is comprised of five State Representatives and five State Senators. *See* http://www.jcarr.state.oh.us/home (last visited March 29, 2017).

clearly stated rules.  *See Horen, supra*, at *2 (dismissing parent's *pro se* appeal of SLRO decision because it was filed one day late) (citing *Cleveland Heights-Univ. Heights City Sch. Dist. v. Boss by & Through Boss*, 144 F.3d 391, 397 (6th Cir. 1998) (holding that Ohio's deadline for appeals was firm)).  Here, Plaintiff has not set forth any legitimate reason for her failure to include the grounds for her appeal in her notice; thus, there is no justification for leniency.

Finally, Plaintiff argues that the "grounds" requirement should not apply because "parents must often navigate these procedures without the aid of an attorney."  (Plaintiff's Brief at 14.)  This argument is completely irrelevant given that ***Plaintiff was represented by counsel*** when she filed her notice of appeal.  Plaintiff's Notice of Appeal was signed by Attorney Daniel Bache.  At the time Plaintiff's Notice of Appeal was filed, Attorney Bache was counsel of record in two other matters where state level review officers concluded it was necessary for a notice of appeal to state the grounds for the appeal.  *See* SE/SLR 3041-2014 (SLRO Hagan) (Sept. 29, 2015) (dismissing appeal for failure to include grounds for the appeal) (attached as **Exhibit B**); SE/SRL 3032-2014 (SLRO Bohlen) (Sept. 28, 2015)[38] (finding appellant was required to state grounds for appeal, but allowing amendment of the notice of appeal "although the Ohio regulations do not contemplate a motion to amend a defective appeal").[39]  Given Attorney

---

[38]     SLRO Bohlen's September 28, 2015 Order on Pending Motions was attached to Plaintiff's Brief as Exhibit 2 (see ECF #14-2).

[39]     At this point, two of Ohio's three state level review officers have concluded that failure to include the grounds for an appeal is a jurisdictional defect and have further held that the Ohio Administrative Code does not allow a party to amend or correct a defective notice of appeal.  *Compare* SE/SLR 3041-2014 (SLRO Hagan) (Sept. 29, 2015) (dismissing case for failure to include grounds for appeal); SE/SLR 3113-2015 (SLRO Mues) (July 7, 2016) (same); and SE/SRL 3032-2014 (SLRO Bohlen) (Sept. 28, 2015) (finding appellant was required to state grounds for appeal, but allowing amendment of notice of appeal); SE/SLR 3168 (SLRO Bohlen) (July 6, 2016) (same).  *See also* http://education.ohio.gov/Topics/Special-Education/Dispute-Resolution/Impartial-hearing-Officers?page=2 (listing Ohio's State Level Review Officers) (last visited March 29, 2017).

{02321805 - 1}                                21

Bache's knowledge of the requirement to state the grounds for Plaintiff's appeal, there is simply no excuse for his failure to do so.

### 2. *The Requirements of the Ohio Administrative Code Are Not in Conflict with the Individuals with Disabilities Education Act.*

Although lengthy, Plaintiff's argument that O.A.C. 3301-51-05(K)(14)(b)(i)(a) conflicts with federal law misses the mark.  (Plaintiff's Brief 15-19.)  Here, the "conflict" cited by Plaintiff is based on the fact that neither 20 U.S.C. 1415(g) nor 34 C.F.R. § 300.514 include a "grounds" requirement.  However, this argument completely overlooks the fact that the IDEA requires states to have "policies and procedures" to assure compliance with its terms.  20 U.S.C. § 1415(a) ("any [agency] that receives assistance [under the IDEA] shall establish and maintain procedures to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education.").  The specific procedure for conducting due process hearings under the IDEA is left to the discretion of each state.  *See* 20 U.S.C. § 1415(f)(1)(A) (impartial due process hearings shall be conducted by the State or local education agency "as determined by State law or by the State educational agency").  *See also Aiello by Aiello v. Grasmick*, 155 F.3d 557, 566 (4th Cir. 1998) (discussing authority granted to states by IDEA to establish due process procedures).  Simply because procedures adopted by a state include items that are not specifically included in federal law does not create a "conflict."[40]  Thus, the "grounds" requirement in O.A.C. 3301-51-05(K)(14)(b)(i)(a) does not

---

[40]       Notably, 20 U.S.C. § 1415(g) also does not include a timeline for the filing of an appeal with a state level review officer – another requirement of O.A.C. 3301-51-05(K)(14)(b) – because the IDEA does not mandate a two-tier hearing process.  20 U.S.C. 1415(g).

conflict with the IDEA; rather, it effectuates the IDEA's mandate that states adopt due process procedures.[41]

### 3. *Plaintiff's Arguments Regarding Ohio's Notice of Procedural Safeguards Are Illogical.*

Plaintiff's argument that her appeal should not have been dismissed because Ohio's notice of procedural safeguards does not "accurately portray the requirements for a party to appeal a hearing officer's decision" is beyond absurd.  (Plaintiff's Brief at 19-23.)  Plaintiff complains that Ohio's procedural safeguard notice, *Whose IDEA Is This?*, does not specifically indicate that a notice of appeal of a IHO's decision include the "grounds" for the appeal.  However, this requirement was ***specifically included*** in the notice of appeal rights provided by IHO McMullen with her Final Decision.[42]  With respect to a party's right to appeal a hearing officer's decision, the Notice states, in pertinent part:

> **Appeal Right After Hearing Decision:**  If you are not satisfied with the findings and decision of the impartial hearing officer, you may appeal the decision, in writing, to the Ohio Department of Education within forty-five (45) days of receipt of the hearing decision, under Revised Code Section 3323.05(H) and Rule 3301-51-05(K)(14)(b) of the Administrative Code) (*Operating Standards for Ohio Educational Agencies Serving Children with Disabilities*).

> **Notice of Appeal:**  If you appeal, you must file a Notice of Appeal that sets forth the order appealed and the grounds for your appeal . . ."

*Id.* (emphasis in original).  Not only did the appeal instructions issued to Plaintiff specifically include the requirement that she state the grounds for her appeal in the notice, they also referenced the applicable provision of the Ohio Administrative Code.  Given this specific notice,

---

[41]    The District will not further address Plaintiff's public policy arguments regarding the intent of the IDEA to provide "parent friendly proceedings where no attorneys are required to be retained" and to "provide conflict dispute mechanisms in an easily accessible manner" as these issues were addressed *supra*.  (Plaintiff's Brief at 18-19).  Moreover, these arguments are not germane to the issue before this Court.

[42]    Admin. Record at File Folder 1 of 4, Item No. 3, at p. 33.

Plaintiff cannot validly assert that she was somehow unaware of this requirement due to a "defect" in Ohio's procedural safeguards notice.[43]

### D. There Is No Support for Plaintiff's Assertion that SLRO Mues Should Have Allowed Her to Amend Her Defective Notice of Appeal.

As discussed briefly *supra*, Plaintiff's argument that SLRO Mues should have allowed her to amend her defective Notice of Appeal is without legal basis or factual foundation. From a legal standpoint, the Ohio Administrative Code does not provide a right to amend the notice of appeal.[44] In Ohio, when construing statutes and regulations, "the purpose in every instance is to ascertain and give effect to the legislative intent, and it is well settled that none of the language employed therein should be disregarded, and that all of the terms used should be given their usual and ordinary meaning." *Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, ¶ 12. Furthermore, Ohio courts and agencies "look to the statute itself to determine legislative intent, and if such intent is clearly expressed therein, the statute may not be restricted, constricted, qualified, narrowed, **enlarged**, or abridged." *Id.* ¶ 13 (holding that appointment of legal guardian for person with disability of minority or unsound mind did not remove disability or commence running of statute of limitations; the Ohio Supreme Court ruled that, had "the General Assembly intended to include such a [legal guardian appointment] provision" in the savings statute, "it could have done so," and the court thus refused "to alter the language of an unambiguous statute") (emphasis added).

In this case, the Ohio Administrative Code is unambiguous; it does not provide parties with the ability to amend a notice of appeal. Not a single provision identifies the right of a party

---

[43]     Further, as noted above, Plaintiff was represented by counsel throughout this process.

[44]     Notably, even SLRO Bohlen, the only Ohio SLRO to allow a party to amend a notice of appeal stated that this right is not included in the OAC.  SE/SRL 3032-2014 (SLRO Bohlen) (Sept. 28, 2015) (finding appellant was required to state grounds for appeal, but allowing amendment of the notice of appeal "although the Ohio regulations do not contemplate a motion to amend a defective appeal").  See copy of SLRO Bohlen's Order on Pending Motions, attached to Plaintiff's Brief (ECF #14-2).

to amend the notice of appeal to an SLRO.  *See* O.A.C. § 3301-51-05(K)(14)(b).  Allowing Plaintiff to amend the notice of appeal would supplant the already clear-cut language of the Ohio Administrative Code and require this Court to insert new and additional terms into O.A.C. § 3301-51-05(K)(14)(b).  Such an interpretation of the Ohio Administrative Code is not supported by Ohio law.  *See, e.g.*, *Weaver*, *supra*, at ¶ 13.

Moreover, the maxim, *expressio unius est exclusio alterius*, a bedrock canon of statutory construction in Ohio, which stands for the proposition that "the express inclusion of one thing implies the exclusion of the other" also precludes Plaintiff from amending her Notice of Appeal. *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 121 Ohio St.3d 560, 2009-Ohio-1355, 906 N.E.2d 409, ¶ 42.  *See also City of Wellsville v. Wellsville Civil Serv. Comm.*, 7th Dist. No. 86-C-10, 1987 WL 8427, at *3 (Mar. 24, 1987) ("It is one of the well recognized canons of statutory construction that when a statute directs a thing may be done by a specified means or in a particular manner it may not be done by other means or in a different matter.") (internal quotations and citations omitted).  The O.A.C. expressly allows for the amendment of a due process complaint under certain enumerated circumstances.  *See* O.A.C. § 3301-51-05(K)(8)(e). However, amendment language is completely absent in the O.A.C. provision governing appeals. *See* O.A.C. § 3301-51-05(K)(14)(b).  In short, the State Board of Education knew how to draft terms providing for the amendment of filings, it did so with respect to due process complaints, and it failed to do so for notices of appeal.  The express inclusion of the amendment language in one part of the O.A.C., coupled with the explicit exclusion of the same terms in another part of the regulations, indicates one thing only: The State Board of Education manifested its intent not to let either party amend a notice of appeal under O.A.C. § 3301-51-05(K)(14)(b).  *See, e.g.*, *Crawford-Cole*, *supra,* at ¶ 42 (holding that General Assembly manifested intent not to include

county agencies in definition of "agency" under R.C. 119.01(A)(1) because, in other statutes, the legislature included both state and county agencies in the scope of certain statutory definitions). As such, SLRO Mues properly denied Plaintiff's request to amend her Notice of Appeal.

### E. Plaintiff's Argument Regarding the Statute of Limitations is Irrelevant and Incorrect.

The only issue before this Court is whether SLRO Mues erred in dismissing Plaintiff's appeal of IHO McMullen's Final Decision.  Plaintiff's random argument, which was not raised below, that the statute of limitations should be tolled, is wholly irrelevant to this issue. (Plaintiff's Brief at 27 – 29.)

As an initial matter, there are no claims under Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, or 42 U.S.C. § 1983 before this Court.  Rather, as stated previously, the only issue properly before this Court is the propriety of SLRO Mues' decision to dismiss Plaintiff's Notice of Appeal.  (*See* Complaint, ECF #1; s*ee also* Section III(A), *supra*, "The Appropriate Standard of Review in IDEA Matters.")  Consequently, arguments related to the tolling with respect to these statutes are irrelevant.

Further, state law equitable tolling statutes are inapplicable to causes of action under the IDEA.  The Third Circuit, the only appellate court to consider this issue, held that legislative intent and the doctrine of *exclusio unius* precluded application of common law equitable tolling principles to IDEA claims.  *See D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 248 (3d Cir. 2012). *See also Holden v. Miller-Smith*, 28 F. Supp. 3d 729, 737–38 (W.D. Mich. 2014) (citing *Holden* and holding state law equitable tolling principles inapplicable to IDEA claims).  Specifically, the *D.K.* and *Holden* Courts looked to the IDEA's specific two-year statute of limitations, which can only be extended based on two statutorily mandated exceptions.  *Id.  See also* 20 U.S.C.

1415(f)(3)(D) (setting forth exceptions to the IDEA statute of limitations).  Given this clear language, the courts declined to apply state-law tolling provisions.  *Id.*

Thus, for the foregoing reasons, Plaintiff's claim that the statute of limitations should be tolled is without merit and not properly before this Court.

### F. Plaintiff's Argument Regarding the "Harm" Caused by the IHO's Decision is Irrelevant and Without Merit.

In a last-ditch effort to save her claims, Plaintiff resorts to a scurrilous attack on the credibility of IHO McMullen.  (Plaintiff's Brief at 29-30.)  Not only is this attack irrelevant, it is also unwarranted and without merit.  The only issue here is whether Plaintiff perfected her appeal – not the propriety of the IHO's decision or the "harm" she is allegedly causing.  As alleged support for her attack on IHO McMullen, Plaintiff quotes extensively from a trial court order in *Oakstone Cmty. Sch. v. Williams*, No. 2:11-CV-1109, 2013 WL 12143834 (S.D. Ohio June 12, 2013), rev'd, 615 F. App'x 284 (6th Cir. 2015) which imposed sanctions on the school's legal counsel for utilizing the "anachronistic" FAPE standard from *Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176 (1982).  However, Plaintiff failed to note that the trial court's decision in *Oakstone* was reversed by the Sixth Circuit.[45]  *Oakstone Cmty. Sch. v. Williams*, 615 F.App'x 284 (6th Cir. 2015).  Moreover, while IHO McMullen cited the U.S. Supreme Court's decision in *Rowley*, she also cited *Woods v. Northport Pub. Sch.*, 487 F. App'x 968, 973 (6th Cir. 2012) – a Sixth Circuit decision utilizing the "meaningful educational benefit" standard first enunciated in *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840 (6th Cir. 2004).

---

[45]    Interestingly, and contrary to the trial court's opinion in *Oakstone*, the United States Supreme Court recently noted that "Congress has not materially changed the statutory definition of a FAPE since *Rowley* was decided."  *Andrew F. ex rel. Joseph F. v. Douglas Cty. Sch. Dist. RE-1*, No. 15-827, 2017 WL 1066260, at *2 (U.S. Mar. 22, 2017).

(IHO Decision at p. 26.) Thus, there is simply no support for Plaintiff's arguments that the IHO's decision must be reviewed despite Plaintiff's failure to perfect her appeal.

### IV. <u>CONCLUSION</u>

Plaintiff has not provided this Court with any legal or factual basis to overturn SLRO Mues' dismissal of her appeal. Throughout the proceedings below Plaintiff was represented by counsel who were, or who should have been, aware that her Notice of Appeal was required to state the grounds for her appeal. Simply stated, Plaintiff failed to comply with this necessary – and basic – procedural requirement. In short, SLRO Mues did not err in holding Plaintiff to the same standard as all litigants in Ohio due process actions. Therefore, the District respectfully requests that this Court affirm SLRO Mues' Decision. Further, and finally, the District also requests that this Court deny Plaintiff any and all other requested relief (ex., find that Plaintiff exhausted her administrative remedies, etc.) as such relief is not properly before the Court in these proceedings.

Respectfully submitted,

   /s/ *Christina Henagen Peer*
Christina Henagen Peer (Reg. No. 0071579)
   Email: cpeer@walterhav.com
   Direct Dial: 216-928-2918
Kathryn I. Perrico (Reg. No. 0076565)
   Email: kperrico@walterhav.com
   Direct Dial: 216-928-2948
Sara Ravas Cooper (Reg. No. 0076543)
   Email: scooper@walterhav.com
   Direct Dial: 216-928-2898
WALTER | HAVERFIELD LLP
1301 E. Ninth Street, Suite 3500
Cleveland, OH 44114
(216) 781-1212 telephone
(216) 575-0911 facsimile

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief is subject to a 30-page limitation as set forth in the Court's February 23, 2017 Case Management Plan.  Accordingly, the *District's Brief in Opposition to Plaintiff's Request for Judgment on the Administrative Record* complies with that page limitation.

*/s/ Christina Henagen Peer*
Christina Henagen Peer

## CERTIFICATE OF SERVICE

A copy of the foregoing *District's Brief in Opposition to Plaintiff's Request for Judgment on the Administrative Record* has been filed this 5th day of April 2017, through the Court's electronic filing system.  All parties may access the foregoing via the Court's electronic filing system.

*/s/ Christina Henagen Peer*
Christina Henagen Peer